UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARTIN P. MOLER, ET AL.,

            Plaintiffs,

v.

UNIVERSITY OF MARYLAND
MEDICAL SYSTEM, ET AL.,

            Defendants.

Civil No.: 1:21-cv-01824-JRR

**MEMORANDUM OPINION**

This matter comes before the court on Plaintiffs' Motion to Strike (ECF 37; the "Motion"), Defendants' response in opposition thereto (ECF 44), and Plaintiffs' reply in support of the Motion (ECF 48). The court has reviewed all motions papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2021.)

**BACKGROUND**

Plaintiffs filed a Class Action Complaint (ECF 1)[1] pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for breach of fiduciary duties against Defendants University of Maryland Medical System ("UMMS") and the Employee Benefits Committee ("EBC") on behalf of the UMMS 401(a) Defined Contribution Plan and the UMMS Voluntary 403(b) Plan (collectively the "Plans"). The complaint generally alleges the following: (1) the Plans are defined contribution plans, where benefits are limited to the value of the individual investment accounts as determined by market performance; (2) UMMS serves as the sponsor, administrator,

---
[1] Class certification has not been determined.

and a fiduciary of the Plans, delegating certain administrative and investment duties to the EBC; (3) Defendants select investment options from which participants choose for inclusion in their individual accounts; (4) Plan participants may also select funds made available through GoalMaker, Prudential Insurance Company's proprietary asset allocation service; and (5) participant funds are invested using GoalMaker unless participants direct their contributions elsewhere.

Plaintiffs complain that Defendants breached their fiduciary duties by: (1) failing to investigate and select prudent share classes of funds in the Plans; (2) failing to investigate and select lower cost alternative funds; (3) imprudently choosing historically underperforming investments; (4) offering only one stable value fund which was under-performing and expensive, and allowing GoalMaker to place substantial percentages of holdings into this fund; (5) failing to monitor or control the Plans' recordkeeping and other administrative expenses. (ECF 1.) Plaintiffs further allege that UMMS failed to monitor other fiduciaries, including the EBC. *Id.*

In response to the complaint, Defendants filed a Rule 12(b)(6) Motion to Dismiss (ECF 35) attaching Exhibits A through H, collectively consuming 874 pages. As set forth in the Declaration of Howard Shapiro (co-counsel for Defendants) (ECF 35-2), the exhibits to the Motion to Dismiss are as follows:

> Exhibit A: the Plan documents, including the UMMS 401(a) Defined Contribution Plan, the UMMS Voluntary 403(b) Plan, and the Summary Plan Description of UMMS Voluntary 403(b) Plan;
>
> Exhibit B: the UMMS Defined Contribution Plan Discretionary 3(38) Status Client Agreement with Asset Strategy Consultants;
>
> Exhibit C: the Retirement Enrollment Guides sent to the Plans' participants in 2016;
>
> Exhibit D: the Putnam Stable Value Fund Offering Statement, dated May 15, 2020;

Exhibit E: excerpts of IRS Form 5500s for the UMMS 401(a) Defined Contribution Plan for the years 2015 to 2019;

Exhibit F: the October 2020 UMMS Voluntary 403(b) Plan 404(a)(5) Fee Disclosure;

Exhibit G: the Fund Change Notices with Fund Fact Sheets; and

Exhibit H: fund fact sheets made available to Plan participants.

Plaintiffs oppose the Motion to Dismiss in substance (ECF 36) and request that the court strike Exhibits D, G and H.[2]

**ANALYSIS**

In ruling on a motion to dismiss, courts are generally limited to "considering the sufficiency of the allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). A court may consider extrinsic documents attached to a motion to dismiss where the document is "integral to and explicitly relied on in the complaint," and when "the plaintiffs do not challenge the [document's] authenticity." *Id.* at 607 (quoting *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). A document is "integral" to a complaint where "its very existence, and not the mere information it contains, gives rise to the legal rights asserted" or where the legal rights at issue in the complaint rely "'heavily upon its terms and effect.'" *Reamer v. State Auto. Mut. Ins. Co.*, No. 20-cv-2987, 2021 WL 3725385 *2 (D. Md. Aug. 23, 2021); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). Although courts may consider relevant, un-pled facts subject to judicial

---

[2] Plaintiffs originally moved to strike Exhibits B, C, D, G, and H. Footnote one to the Reply narrows the Motion to target only Exhibits D, G, and H and refers to them as the Challenged Exhibits. (ECF 48 at n.1.) For clarity and consistency, the court will also refer to Exhibits D, G, and H of the Motion to Dismiss as the "Challenged Exhibits."

3

notice, given the stage of the case, judicially noticed facts must be construed in a light favorable to the plaintiff. *Zak,* 780 F.3d at 607.

The court agrees that the Challenged Exhibits are neither integral to the complaint nor expressly relied upon therein. Rather, the Challenged Exhibits appear to the court offered to cast the substantive merits of the action in a defense-oriented light rather than to challenge the sufficiency of the pleading. While this is certainly understandable insofar as it is the long term objective of Defendants to prevail, at this stage, consideration of the Challenged Exhibits converts the Motion to one for summary judgment and imposes upon Plaintiff the unfair and rather impossible task of proving its case in advance of fulsome discovery.

For the reasons set forth herein, by accompanying order, the court will grant the Motion to Strike, order that Exhibits D, G, and H to the Motion to Dismiss be stricken, and the court will not consider the Challenged Exhibits in adjudicating the Motion to Dismiss.

/S/

_____

Julie R. Rubin
United States District Judge
July 13, 2022