## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| MARTIN P. MOLER, *et al*.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNIVERSITY OF MARYLAND MEDICAL<br>SYSTEM., *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-01824-JRR |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendants University of Maryland Medical System and Employee Benefits Committee (collectively, "Defendants"), answer Plaintiffs' Martin P. Moler ("Moler"), John T. Czahor ("Czahor"), and Kathleen D'Ascenzo ("D'Ascenzo") (collectively, "Plaintiffs") Complaint as follows:

## GENERAL DENIALS

Unless expressly admitted below, Defendants deny each and every allegation of the Complaint and deny all liability as to Plaintiffs.

Many Paragraphs of the Complaint[1] contain boilerplate statements of law and Plaintiffs' opinions that are not fact-based pleading as required by Fed. R. Civ. P. 8(a)(2). Those paragraphs are denied on that basis.

Plaintiffs include in the Complaint lettered and numbered headings purporting to characterize certain actions or events.  Because the headings are not set forth in numbered

---

[1] The following Paragraphs are denied on this basis: 3, 4, 5, 35, 36, 50, 51, 52, 53, 54, 55, 56, 65, 66, 69, 70, 71, 75, 76, 77, 78, 80, 81, 82, 83, 84, 85, 86, 87, 88, 91, 92, 95, 96, 97, 98, 99, 103, 104, 105, 106, 107, 109, 110, 111, 112, 128, 142, 145, 146, 147, 148, 149, 151, 179, 180, 181, 182, 183, 184, 185, 186, and 187.

paragraphs, they are not properly pleaded facts, and no response is necessary; accordingly, any such improper material should be stricken from the Complaint.  Plaintiffs' headings are repeated below solely for organizational purposes.  If a response is necessary, Defendants specifically deny, and do not adopt, the allegations and characterizations set forth in the headings.

Defendants expressly reserve the right to amend and/or supplement this Answer as may be necessary and permitted under the Federal Rules of Civil Procedure.

## INTRODUCTION

1.      Defendants admit only that Plaintiffs' Complaint identifies certain Named Plaintiffs but deny any allegation or inference that Defendants engaged in unlawful activity, that class certification is proper, and/or that Plaintiffs are entitled to any relief.

2.      Defendants admit that Plaintiffs purport to bring a class action under § 409 of ERISA, 29 U.S.C. § 1109 and § 502 of ERISA, 29 U.S.C. § 1132, against Defendants, but deny that a class exists or that class certification is proper.  Defendants deny any breach of fiduciary duty and all remaining allegations in Paragraph 2 of the Complaint.

3.      Paragraph 3 and Footnotes 1 and 2 of the Complaint assert purported legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 3 and Footnotes 1 and 2 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any and all remaining allegations in Paragraph 3 and Footnotes 1 and 2 of the Complaint.

4.      Paragraph 4 of the Complaint asserts purported legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 4 of the Complaint is the best evidence of its contents and deny any

2

characterization contrary to that written material.   Defendants deny any and all remaining allegations in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint asserts purported legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 5 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.   Defendants deny any and all remaining allegations in Paragraph 5 of the Complaint.

6.      Defendants submit that the written material cited in Paragraph 6 and Footnote 3 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants admit that the 2018 and 2019 UMMS 401(a) Plan Form 5500s state that the total investments were $322,956,329 as of December 31, 2018, and $399,287,588 as of December 31, 2019.  Defendants deny any remaining allegations in Paragraph 6 and Footnote 3 of the Complaint.

7.      Defendants submit that the written material cited in Paragraph 7 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 7 of the Complaint.

8.      Paragraph 8 and Footnote 4 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 8 and Footnote 4 of the Complaint.

9.      Defendants deny the allegations in Paragraph 9 of the Complaint.

10.     Defendants deny the allegations in Paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11 of the Complaint.

12.     Defendants admit that Plaintiffs purport to bring claims against Defendants for breach of the fiduciary duties of prudence (Count One) and failure to monitor fiduciaries (Count Two).  Defendants deny all allegations in Paragraph 12 of the Complaint and deny that they breached any fiduciary duties of prudence or failure to monitor fiduciaries.

## JURISDICTION AND VENUE

13.     Defendants admit that this Court possesses subject matter jurisdiction over claims and controversies that are governed by ERISA.  Defendants deny Plaintiffs are entitled to any relief whatsoever.

14.     Defendants admit the Court has *in personam* jurisdiction.  Paragraph 14 of the Complaint asserts other legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     Defendants admit that venue is proper in this District. Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

## STANDING

16.     Paragraph 16 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any remaining allegations in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

## PARTIES

### Plaintiffs

23.     To the best of their knowledge, Defendants admit Plaintiff Martin Moler resides in Baltimore, Maryland.  Defendants admit that Plaintiff Moler invested in the funds identified in Paragraph 23 of the Complaint.  Defendants deny any remaining allegations in Paragraph 23 of the Complaint.

24.     To the best of their knowledge, Defendants admit Plaintiff John T. Czahor resides in Meridianville, Alabama.  Defendants deny that Plaintiff Czahor participated in every fund identified in Paragraph 24 of the Complaint and deny any remaining allegations in Paragraph 24 of the Complaint.

25.     To the best of their knowledge, Defendants admit Plaintiff Kathleen D'Ascenzo resides in Parkville, Maryland.  Defendants admit that Plaintiff D'Ascenzo invested in the funds identified in Paragraph 25 of the Complaint.  Defendants deny any remaining allegations in Paragraph 23 of the Complaint.

26.     Paragraph 26 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 26 of the Complaint and deny that Plaintiffs have Article III standing.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants admit only that UMMS is the current Plan Sponsor the Plans.  Defendants submit that the written material cited in Paragraph 28 of the Complaint is the best

evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 29 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 29 of the Complaint.

30.     Defendants submit that the written material cited in Paragraph 30 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of Complaint.

32.     Paragraph 32 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 33 of the Complaint.

**THE PLANS**

34.     Defendants admit the Plans are defined contribution plans.  The remainder of Paragraph 34 of the Complaint asserts legal conclusions to which no response is required.

35.     The first four sentences contained in Paragraph 35 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  The last two sentences contained in Paragraph 35 contain legal conclusions to which no

6

response is required.  Defendants submit that the written material cited in Paragraph 35 is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 35 for lack of information sufficient to justify a belief therein.

### *The Plans' Investments*

36.     The first sentence of Paragraph 36 of the Complaint asserts legal conclusions to which no response is required.  Defendants admit that participants are allowed to choose investment options for their individual accounts from the Plan's investment menu and to invest through an optional self-directed brokerage account.  Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37.     Defendants admit that some of the funds identified in Paragraph 37 of the Complaint were made available to participants at certain times during the class period.  Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38.     Defendants submit that the written material cited in Paragraph 38 and Footnote 5 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants admit the investment options and asset values listed in the chart are accurate.  Defendants deny that the information included in Footnote 5 of Paragraph 38 is accurate.

39.     Defendants submit that the written material cited in Paragraph 39 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants admit the investment options and asset values listed in the chart are accurate.

40.     Defendants admit that participants had the discretionary ability to choose investments available through GoalMaker, an optional asset allocation service.  Defendants submit that the written material cited in Paragraph 40 of the Complaint is the best evidence of its contents

and deny any characterization contrary to that written material.  Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

**Prudential's GoalMaker Allocation & Kickback Scheme**

41.     Defendants admit that participants had the individual ability to select investment options using GoalMaker, an optional asset allocation service made available to participants in the Plans.  Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     The allegations contained in Paragraph 43 of the Complaint are neither related nor directed to Defendants and do not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     The allegations contained in Paragraph 44 of the Complaint are neither related nor directed to Defendants and do not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants admit that GoalMaker was designated as the QDIA for the Plans. Defendants submit that the written material cited in Paragraph 45 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited

in Paragraph 50 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 50 of the Complaint.

51.     The allegations contained in Paragraph 51 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 51 of the Complaint for lack of information sufficient to justify a belief therein.  Defendants submit that the written material cited in Paragraph 51 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.

52.     The allegations contained in Paragraph 52 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 52 of the Complaint for lack of information sufficient to justify a belief therein.  Defendants submit that the written material cited in Paragraph 52 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.

53.     The allegations contained in Paragraph 53 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 53 of the Complaint for lack of information sufficient to justify a belief therein.

54.     The allegations contained in Paragraph 54 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants submit that the written material cited in Paragraph

54 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 54 of the Complaint.

55. The allegations contained in Paragraph 55 and Footnote 6 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response. To the extent a response is required, Defendants submit that the written material cited in Paragraph 55 and Footnote 6 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 55 and Footnote 6 of the Complaint for lack of information sufficient to justify a belief therein.

56. Paragraph 56 of the Complaint asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 56 of the Complaint.

## CLASS ACTION ALLEGATIONS

57. While Plaintiffs purport to bring this action on behalf of themselves and the putative class defined in Paragraph 57 and Footnote 7 of the Complaint, Defendants deny that a class exists or that class certification is proper. Defendants deny the remaining allegations in Paragraph 57 and Footnote 7 of the Complaint.

58. Paragraph 58 of the Complaint asserts legal conclusions to which no response is required. However, if the class as defined in Paragraph 57 were certified, it would satisfy the numerosity requirement. Defendants deny that a class should be certified, and for that reason, deny the allegations in Paragraph 58 of the Complaint.

59. Defendants admit there were 9,625 participants in the 403(b) Plan with account balances at the end of the December 31, 2019 Plan year. Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants admit Plaintiffs have retained counsel experienced and competent in the prosecution of ERISA class action litigation.  Defendants deny the remaining allegations in Paragraph 62 of the Complaint.

63.     Defendants deny Paragraph 63 of the Complaint.

64.     Defendants deny Paragraph 64 of the Complaint.

### DEFENDANTS' FIDUCIARY STATUS AND FIDUCIARY DUTIES

65.     Paragraph 65 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 65 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 66 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 69 of the Complaint is the best evidence of its contents and deny any characterization

contrary to that written material.  Defendants deny any remaining allegations in Paragraph 69 of the Complaint.

70.      Paragraph 70 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 70 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 70 of the Complaint.

71.      Paragraph 71 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 71 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 71 of the Complaint.

72.      Defendants deny the allegations in Paragraph 72 of the Complaint.

73.      Defendants deny the allegations in Paragraph 73 of the Complaint.

74.      Defendants deny the allegations in Paragraph 74 of the Complaint.

## **SPECIFIC ALLEGATIONS**

**A.      Improper Management of an Employee Retirement Plan Can Cost the Plan's Participants Millions in Savings**

75.      Paragraph 75 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 75 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 75 of the Complaint.

76.     Paragraph 76 and Footnote 8 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 76 and Footnote 8 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 76 and Footnote 8 of the Complaint.

77.     Paragraph 77 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 77 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 78 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 78 of the Complaint.

79.     The allegations contained in Paragraph 79 of the Complaint set forth speculative assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 80 of the Complaint is the best evidence of its contents and deny any characterization

contrary to that written material.  Defendants deny any remaining allegations in Paragraph 80 of the Complaint.

81.     Paragraph 81 and Footnote 9 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 81 and Footnote 9 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 81 and Footnote 9 of the Complaint.

82.     The allegations contained in Paragraph 82 and Footnote 10 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 82 and Footnote 10 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 82 and Footnote 10 of the Complaint.

83.     The allegations contained in Paragraph 83 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 83 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 83 of the Complaint.

84.     The allegations contained in Paragraph 84 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 84 of the Complaint is the best evidence of its contents and deny any characterization contrary to

that written material.   Defendants deny any remaining allegations in Paragraph 84 of the Complaint.

85.   The allegations contained in Paragraph 85 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 85 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.   Defendants deny any remaining allegations in Paragraph 85 of the Complaint.

86.   Paragraph 86 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 86 of the Complaint.

### 1.   Passively Managed Funds Cost Less Than Actively Managed Funds

87.   Paragraph 87 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 87 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 87 of the Complaint.

88.   Paragraph 88 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 88 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 88 of the Complaint.

89.   Defendants deny the allegations in Paragraph 89 of the Complaint.

90.   Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     The allegations contained in Paragraph 91 and Footnotes 11 and 12 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 91 and Footnotes 11 and 12 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 91 and Footnotes 11 and 12 of the Complaint.

92.     Paragraph 92 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 92 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 92 of the Complaint.

93.     Defendants admit that the Plans included Vanguard index funds during the class period and that three Vanguard index funds were replaced with Fidelity index funds in 2020.  Defendants deny the remaining allegations in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations in Paragraph 94 of the Complaint.

**2.     Institutional Share Classes Cost Less Than Investor Share Classes**

95.     The allegations contained in Paragraph 95 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     The allegations contained in Paragraph 96 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.

To the extent a response is required, Defendants deny the allegations in Paragraph 96 of the Complaint for lack of information sufficient to justify a belief therein.

97.     The allegations contained in Paragraph 97 and Footnote 13 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 97 and Footnote 13 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 97 and Footnote 13 of the Complaint.

98.     Paragraph 98 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 98 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 98 of the Complaint.

99.     The allegations contained in Paragraph 99 and Footnote 14 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 99 and Footnote 14 of the Complaint for lack of information sufficient to justify a belief therein.  Defendants submit that the written material cited in Paragraph 99 and Footnote 14 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 99 and Footnote 14 of the Complaint.

100.     Defendants deny the allegations in Paragraph 100 of the Complaint.

101.     Defendants deny the allegations in Paragraph 101 of the Complaint.

### 3.      Collective Trusts and Separate Accounts Cost Less Than Their Virtually Identical Mutual Fund Counterparts

102.    Defendants are not obligated to respond to the Section of the Complaint making claims about collective trusts because Plaintiffs' claims as to collective trusts have been abandoned and denied by the Court.  *See* Docket No. 51, p. 7 n.6.  However, in an abundance of caution, Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants are not obligated to respond to the Section of the Complaint making claims about collective trusts because Plaintiffs' claims as to collective trusts have been abandoned and denied by the Court.  *See* Docket No. 51, p. 7 n.6.  However, in an abundance of caution, Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants are not obligated to respond to the Section of the Complaint making claims about collective trusts because Plaintiffs' claims as to collective trusts have been abandoned and denied by the Court.  *See* Docket No. 51, p. 7, n.6.  However, in an abundance of caution, Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    Defendants are not obligated to respond to the Section of the Complaint making claims about collective trusts because Plaintiffs' claims as to collective trusts have been abandoned and denied by the Court.  *See* Docket No. 51, p. 7, n.6.  However, in an abundance of caution, Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    Defendants are not obligated to respond to the Section of the Complaint making claims about collective trusts because Plaintiffs' claims as to collective trusts have been abandoned and denied by the Court.  *See* Docket No. 51, p. 7, n.6.  However, in an abundance of caution, Defendants deny the allegations in Paragraph 106 of the Complaint.

107.    Defendants are not obligated to respond to the Section of the Complaint making claims about collective trusts because Plaintiffs' claims as to collective trusts have been abandoned

and denied by the Court.  *See* Docket No. 51, p. 7, n.6.  However, in an abundance of caution, Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    Defendants are not obligated to respond to the Section of the Complaint making claims about collective trusts because Plaintiffs' claims as to collective trusts have been abandoned and denied by the Court.  *See* Docket No. 51, p. 7, n.6.  However, in an abundance of caution, Defendants deny the allegations in Paragraph 108 of the Complaint.

**B.     Defendants Breached Their Fiduciary Duties in Failing to Investigate and Select Prudent Share Classes of Funds in the Plans**

109.    Paragraph 109 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 109 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 109 of the Complaint.

110.    Paragraph 110 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 110 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 110 of the Complaint.

111.    Paragraph 111 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 111 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 111 of the Complaint.

112.     Paragraph 112 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 112 of the Complaint.

113.     Defendants deny the allegations in Paragraph 113 of the Complaint.

114.     Defendants deny the allegations in Paragraph 114 of the Complaint.

115.     Defendants deny the allegations in Paragraph 115 and Footnote 19 of the Complaint.

116.     Defendants deny the allegations in Paragraph 116 of the Complaint.

117.     Defendants deny the allegations in Paragraph 117 of the Complaint.

118.     Defendants deny the allegations in Paragraph 118 of the Complaint.

119.     Defendants deny the allegations in Paragraph 119 of the Complaint.

120.     Defendants deny the allegations in Paragraph 120 of the Complaint.

121.     Defendants deny the allegations in Paragraph 121 of the Complaint.

122.     Defendants deny the allegations in Paragraph 122 of the Complaint.

123.     Defendants deny the allegations in Paragraph 123 of the Complaint.

**C.      Defendants Breached Their Fiduciary Duties in Failing to Investigate and Select Lower Cost Alternative Funds**

124.     Defendants deny the allegations in Paragraph 124 of the Complaint.

125.     Defendants deny the allegations in Paragraph 125 of the Complaint.

126.     Defendants deny the allegations in Paragraph 126 of the Complaint.

**D.      Defendants Imprudently Chose Historically Underperforming Investments**

127.     Defendants deny the allegations in Paragraph 127 of the Complaint.

128.     Paragraph 128 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 128 of the Complaint.

129.     Defendants deny the allegations in Paragraph 129 of the Complaint.

130.     Defendants deny the allegations in Paragraph 130 of the Complaint.

131.     Defendants deny the allegations in Paragraph 131 of the Complaint.

132.     Defendants deny the allegations in Paragraph 132 of the Complaint.

Defendants deny the allegations in the Charts found after Paragraph 132 of the Complaint under the Section entitled, "The Plan's Investment Options Underperformed Benchmarks and Lower-Cost Alternatives" and Footnotes 21, 22, 23, and 24 of the Complaint.

133.     Defendants deny the allegations in Paragraph 133 of the Complaint.

134.     Defendants deny the allegations in Paragraph 134 of the Complaint.

135.     Defendants deny the allegations in Paragraph 135 of the Complaint.

136.     Defendants deny the allegations in Paragraph 136 of the Complaint.

137.     Defendants deny the allegations in Paragraph 137 of the Complaint.

138.     Defendants deny the allegations in Paragraph 138 of the Complaint.

139.     Defendants deny the allegations in Paragraph 139 of the Complaint.

140.     Defendants deny the allegations in Paragraph 140 of the Complaint.

141.     Defendants deny the allegations in Paragraph 141 of the Complaint.

142.     The first sentence of Paragraph 142 asserts legal conclusions for which no response is required.  To the extent a response is required, Defendants submit that the written material cited in the first sentence of Paragraph 142 of the Complaint is the best evidence of its contents and

deny any characterization contrary to the terms of that written material.  Defendants deny the remaining allegations in Paragraph 142 of the Complaint.

143.    Defendants deny the allegations in Paragraph 143 of the Complaint.

144.    Defendants deny the allegations in Paragraph 144 of the Complaint.

**E.    Defendants Offered Only One Stable Value Fund Which Was Under-Performing and Expensive and Defendants Allowed GoalMaker to Place Substantial Percentages of Holdings into This Sub-Par Stable Value Fund**

145.    The allegations contained in Paragraph 145 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 145 of the Complaint for lack of information sufficient to justify a belief therein.

146.    The allegations in Paragraph 146 of the Complaint set forth assertions and assumptions neither related nor directed to the Defendants herein and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 146 of the Complaint for lack of information sufficient to justify a belief therein.

147.    The allegations in Paragraph 147 of the Complaint set forth assertions and assumptions neither related nor directed to the Defendants herein and therefore do not require a response. Defendants submit that the written material cited in Paragraph 147 of the Complaint is the best evidence of its contents and deny any characterization contrary to the terms of the written material.  Defendants deny any remaining allegations in Paragraph 147 of the Complaint

148.    The allegations in Paragraph 148 and Footnote 25 of the Complaint set forth assertions and assumptions neither related nor directed to the Defendants herein and therefore do not require a response.  Defendants submit that the written material cited in Paragraph 148 and Footnote 25 of the Complaint is the best evidence of its contents and deny any characterization contrary to the terms of the written material.  To the extent a response is required, Defendants deny

the allegations in Paragraph 148 and Footnote 25 of the Complaint for lack of information sufficient to justify a belief therein.

149.    The allegations in Paragraph 149 and Footnote 26 of the Complaint set forth assertions and assumptions neither related nor directed to the Defendants herein and therefore do not require a response.  Defendants submit that the written material cited in Paragraph 149 and Footnote 26 of the Complaint is the best evidence of its contents and deny any characterization contrary to the terms of the written material.  To the extent a response is required, Defendants deny the allegations in Paragraph 149 and Footnote 25 of the Complaint for lack of information sufficient to justify a belief therein.

150.    Defendants deny the allegations in Paragraph 150 of the Complaint.

151.    The allegations in Paragraph 151 of the Complaint set forth assertions and assumptions neither related nor directed to the Defendants herein and therefore do not require a response.  Defendants submit that the written material cited in Paragraph 151 of the Complaint is the best evidence of its contents and deny any characterization contrary to the terms of the written material.  To the extent a response is required, Defendants deny the allegations in Paragraph 151 of the Complaint for lack of information sufficient to justify a belief therein.

152.    Defendants admit the Plans offered Prudential's Principal Preservation Separate Account during the Class Period.

153.    Defendants deny the allegations in Paragraph 153 of the Complaint.

154.    Defendants deny the allegations in Paragraph 154 of the Complaint.

155.    Defendants deny the allegations in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations in Paragraph 163 of the Complaint.

164.    Defendants submit that the written material cited in Paragraph 164 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 164 of the Complaint

165.    Paragraph 165 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 165 of the Complaint.

166.    Defendants deny the allegations in Paragraph 166 of the Complaint.

167.    Defendants submit that the written material cited in Paragraph 167 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 167 of the Complaint.

168.    Defendants deny the allegations in Paragraph 168 of the Complaint.

169.    Defendants deny the allegations in Paragraph 169 of the Complaint.

170.    The allegations in Paragraph 170 of the Complaint set forth assertions and assumptions neither related nor directed to the Defendants herein and therefore do not require a response.  Defendants submit that the written material cited in Paragraph 170 of the Complaint is the best evidence of its contents and deny any characterization contrary to the terms of the written

material.  To the extent a response is required, Defendants deny the allegations in Paragraph 170 of the Complaint.

171.    The allegations in Paragraph 171 of the Complaint set forth assertions and assumptions neither related nor directed to the Defendants herein and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 171 of the Complaint for lack of information sufficient to justify a belief therein.

172.    Defendants deny the allegations in Paragraph 172 of the Complaint.

173.    Defendants submit that the written material cited in Paragraph 173 of the Complaint is the best evidence of its contents and deny any characterization contrary to the terms of the written material.  To the extent a response is required, Defendants deny the allegations in Paragraph 173 of the Complaint.

174.    Defendants submit that the written material cited in Paragraph 174 of the Complaint is the best evidence of its contents and deny any characterization contrary to the terms of the written material.

175.    Defendants submit that the written material cited in Paragraph 175 of the Complaint is the best evidence of its contents and deny any characterization contrary to the terms of the written material.

176.    Defendants submit that the written material cited in Paragraph 176 of the Complaint is the best evidence of its contents and deny any characterization contrary to the terms of the written material.  To the extent a response is required, Defendants deny the allegations in Paragraph 176 of the Complaint.

177.     Paragraph 177 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 177 of the Complaint.

178.     Paragraph 178 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 178 of the Complaint.

### F.     UMMC Failed to Monitor or Control the Plans' Recordkeeping and Other Administrative Expenses

179.     The allegations contained in Paragraph 179 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 179 of the Complaint for lack of information sufficient to justify a belief therein.

180.     The allegations contained in Paragraph 180 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 180 of the Complaint for lack of information sufficient to justify a belief therein.

181.     The allegations contained in Paragraph 181 and Footnote 32 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response. To the extent a response is required, Defendants submit that the written material cited in Paragraph 181 and Footnote 32 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny any remaining allegations in Paragraph 181 and Footnote 32 of the Complaint for lack of information sufficient to justify a belief therein.

182.     The allegations contained in Paragraph 182 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 182 of the Complaint for lack of information sufficient to justify a belief therein.

183.     The allegations contained in Paragraph 183 of the Complaint set forth assertions and assumptions neither related nor directed to Defendants and therefore do not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 183 of the Complaint for lack of information sufficient to justify a belief therein.

184.     Paragraph 184 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants submit that the written material cited in Paragraph 184 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 184 of the Complaint.

185.     Paragraph 185 of the Complaint asserts legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 185 of the Complaint.

186.     Paragraph 186 of the Complaint asserts legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 186 of the Complaint.

187.     Paragraph 187 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendants submit that the written material cited in Paragraph 187 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 187 of the Complaint.

188.     Defendants deny the allegations in Paragraph 188 of the Complaint.

189.    Defendants submit that the written material cited in Paragraph 189 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material. Defendants deny any remaining allegations in Paragraph 189 of the Complaint.

190.    Defendants deny the allegations in Paragraph 190 of the Complaint.

191.    Paragraph 191 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 191 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny the remaining allegations in Paragraph 191 of the Complaint.

192.    Paragraph 192 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants submit that the written material cited in Paragraph 192 of the Complaint is the best evidence of its contents and deny any characterization contrary to that written material.  Defendants deny the remaining allegations in Paragraph 192 of the Complaint.

193.    Defendants deny the allegations in Paragraph 193 of the Complaint.

194.    Defendants deny the allegations in Paragraph 194 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Breaches of Fiduciary Duties Prudence

195.    Defendants reassert their responses to Paragraphs 1 through 194 above and incorporate the same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

196.     Paragraph 196 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 196 of the Complaint.

197.     Paragraph 197 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 197 of the Complaint.

198.     Paragraph 198 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 198 of the Complaint.

199.     Paragraph 199 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 199 of the Complaint.

200.     Paragraph 200 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 200 of the Complaint.

## SECOND CLAIM FOR RELIEF

### Failure to Adequately Monitor Other Fiduciaries

201.     Defendants reassert their responses to Paragraphs 1 through 200 above and incorporate the same as if fully set forth herein, and further incorporate their affirmative defenses in response thereto.

202.     Paragraph 202 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 202 of the Complaint.

203.     Paragraph 203 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 203 of the Complaint.

204.     Paragraph 204 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 204 of the Complaint.

205.     Paragraph 205 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 205 of the Complaint.

206.     Paragraph 206 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 206 of the Complaint.

## PRAYER FOR RELIEF

Response to "Prayer for Relief": Defendants deny the allegations set forth in the Prayer for Relief, including each and every subpart, and further deny that Plaintiffs, the Plans, and/or the putative class are entitled to any of the relief sought in the Prayer for Relief.

Defendants deny all other allegations in the Complaint that were not previously expressly admitted or denied.

## AFFIRMATIVE DEFENSES

Defendants advance the following affirmative defenses to the Complaint.  The defenses asserted below will apply, or will not apply, in varying degrees to members of the putative class including Plaintiffs, depending upon the particular factual circumstances of each individual member of the putative class.  By setting forth these defenses, Defendants do not assume the

burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or other members of the putative class lack standing.

3.      Plaintiffs lack Article III standing to bring claims regarding funds which have no impact on their individual accounts because Plaintiffs did not invest in those funds and have not/cannot sustain any damages.

4.      Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and repose, including but not limited to ERISA § 413, 29 U.S.C. § 1113, to the extent that Plaintiffs had knowledge of their alleged claims more than three years prior to filing the Complaint and/or that the conduct giving rise to Plaintiffs' claims occurred more than six years prior to the filing of the Complaint.

5.      Any loss, damage or injury sustained by Plaintiffs on behalf of the Plan was not directly or proximately caused by the alleged breach of fiduciary duty as set forth in the Complaint.

6.      The claims of Plaintiffs and/or any other members of the putative class who have executed a waiver or release of claims against any or all Defendants may be barred by that waiver or release of claims.[2]

7.      To the extent one or more of the Defendants was acting in a fiduciary capacity, Defendants acted at all times and in all respects in good faith and with due care and did not engage in any conduct which would constitute a breach of fiduciary duty or a failure to monitor fiduciaries.

---

[2] Defendants further reserve their rights to assert counterclaims for breach of said releases.

8.      One or more of the Defendants are not, or were not acting as, fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1102(21)(A), with respect to certain conduct alleged by Plaintiffs.

9.      Plaintiffs' claims are barred, in whole or in part, because the Complaint seeks relief that cannot be obtained under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2).

10.      Plaintiffs' claims are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c), because Plaintiffs exercised control over their own individual Plan accounts.

11.      Plaintiffs have proximately caused, contributed to, and/or failed to mitigate any and all harm and/or loss claimed.

12.      Plaintiffs' claims are barred by the doctrine of laches, waiver, ratification, acquiescence, and/or estoppel.

13.      To the extent that this action seeks consequential, exemplary or punitive damages, any such relief would violate Defendants' rights to procedural and substantive due process. Moreover, such claims do not constitute legally cognizable ERISA relief.  Finally, such claims, to the extent asserted under state laws, are preempted by ERISA.

14.      The Plans' investments and fees were substantively/objectively prudent.

15.      Plaintiffs are not entitled to certification of this action as a class action because they cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) or (b) in this case.

16.      The recovery Plaintiffs seek cannot be traced to particular funds or property in Defendants' possession.

17.      Plaintiffs' claims are barred because Plaintiffs and/or putative class members have been provided all benefits due to them under the terms of the Plans.

18.     The 403(b) Plan made subject to this litigation is prohibited from investing in collective investment trusts.  *See* I.R.C. § 403(b)(7)(A).

19.     The claims of Plaintiffs and/or any other members of the putative class who have executed an arbitration agreement against any and all Defendants are subject to arbitration proceedings pursuant to the terms of the agreement.

20.     That the Court award attorneys' fees, expert witness fees, and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), in favor of Defendants.

## RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to amend their Answer to assert such defenses.

## DEMAND FOR JUDGMENT

WHEREFORE, Defendants pray for judgment as follows:

1.  That Plaintiffs take nothing by the Complaint;

2.  That the Complaint, and each cause of action therein, be dismissed with prejudice;

3.  That Defendants be awarded their costs of suit, expert witness fees, and attorneys' fees; and

4.  That the Court award such other relief as it deems just and appropriate.

Dated: August 26, 2022                          **JACKSON LEWIS P.C.**


  */s/ Stephen M. Silvestri*
Stephen M. Silvestri (Bar No. 01950)
2800 Quarry Lake Drive, Suite 200
Baltimore, MD  21209
Telephone:     (410) 415-2006
Stephen.Silvestri@jacksonlewis.com

Howard Shapiro*
Stacey C.S. Cerrone*
Robert W. Rachal*
James W. Barnett*
601 Poydras Street, Suite 1400
New Orleans, LA  70130
Telephone:     (504) 208-1755
Facsimile:      (504) 208-1759
Howard.Shapiro@jacksonlewis.com
Stacey.Cerrone@jacksonlewis.com
Robert.Rachal@jacksonlewis.com
James.Barnett@jacksonlewis.com

*Admitted Pro Hac Vice.