UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| MARTIN P. MOLER *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF MARYLAND MEDICAL SYSTEM *et al*,<br><br>Defendants. | Case No.: 1:21-cv-01824-CCB |

**JOINT MOTION TO STAY ALL DEADLINES AND PROCEEDINGS PENDING COMPLETION OF CLASS-WIDE MEDIATION**

Plaintiffs Martin P. Moler, John T. Czahor, and Kathleen D'Ascenzo ("Plaintiffs"), and Defendants University of Maryland Medical System and Employee Benefits Committee (collectively, the "Parties"), respectfully move for an Order staying this matter pending completion of a class-wide mediation. The mediation is presently scheduled to occur on September 19, 2023 before a nationally recognized mediator, Robert A. Meyer of JAMS. In support of the foregoing request, the Parties jointly state as follows:

**BACKGROUND**

I.  **Plaintiffs' Claims.**

Plaintiffs are current and former participants in the UMMS Voluntary 403(b) Plan and the UMMS 401(a) Plan (collectively, the "Plans"), and bring claims against the Plans' fiduciaries for breach of fiduciary duties. Specifically, Plaintiffs allege that Defendant-fiduciaries breached their ERISA duties by allegedly: (i) selecting share classes for certain Plan investments that were too expensive (*see* ECF No. 1, ¶¶ 109-126); (ii) maintaining certain funds that were more expensive than and underperformed Plaintiffs' comparator investments (*id.* at ¶¶ 127-178); and (iii) paying excessive fees for recordkeeping and related Plan services (*see id.* at ¶¶ 179-194). Defendants deny

all of Plaintiffs' allegations and maintain that substantial meritorious defenses exist. (ECF No. 55.)

## II. Procedural History.

Plaintiffs filed their Complaint on July 22, 2021. (ECF No. 1.) Defendants moved to dismiss the Complaint on March 24, 2021. (ECF 35.) After the motion to dismiss was fully briefed, the Court denied the motion. (ECF 52.) Defendants then filed their Answer to the Complaint on August 26, 2022. (ECF No. 55.) Thereafter, the Parties participated in Rule 26(f) planning meetings (ECF No. 56), stipulated to a confidentiality agreement (ECF No. 58), exchanged disclosure statements, propounded and responded to written discovery, and exchanged a substantial number of documents. In sum, the Parties have been litigating in good faith the claims and defenses in this matter.

Given the class nature of the allegations, the completion of discovery, including expert discovery, will be costly and burdensome. Furthermore, the parties have not briefed the issue of class certification, which will involve significant time and resources. In an effort to avoid unnecessary expenses and uncertainty, the Parties have agreed to engage in a class-wide mediation before a highly-skilled and nationally known mediator, Robert A. Meyer of JAMS, who has substantial experience mediating ERISA class actions. That mediation is scheduled to occur on September 19, 2023. A successful mediation would avoid further costs and uncertainty for both sides, while expediting resolution of this matter.

The interests of justice would be well-served by entering a short stay that extends to all deadlines in the case, pending completion of class-wide mediation. Allowing the Parties to conserve additional resources and time that would otherwise be spent on discovery, class certification briefing, expert witnesses, and dispositive motions, will help to ensure mediation has the best chance possible for success. Thus, the Parties respectfully request the Court enter

an order staying all deadlines in this case pending completion of the mediation.

## LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In exercising that discretion, a district court is instructed to "weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (explaining that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket."); *see also Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 335 (4th Cir. 2019). "Proper use of this authority calls for the exercise of judgment which must weigh competing interests and maintain an even balance." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (citation and internal quotation marks omitted). To that end, when determining whether to grant a stay, a district court should consider: "(1) the length of the requested stay; (2) the hardship or inequity that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay would simplify issues and promote judicial economy." *Rajput v. Synchrony*, 221 F. Supp. 3d 607, 609-10 (M.D. Pa. 2016).

As discussed below, the relevant factors warrant a stay pending mediation. Mediation may result in a settlement of this case, which would conserve the resources of the Parties and the Court. *See* Fed. R. Civ. P. 1 (the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Accordingly, the Parties request that the stay extend to all pending case matters and deadlines in this case as temporarily staying this case will promote judicial economy, avoid unnecessary hardship and expense to the parties, and will not prejudice any of the Parties.

## **LEGAL ANALYSIS**

**I.     The Length of the Stay.**

The parties seek a brief stay. The mediation is scheduled on September 19, 2023. The Parties will file a joint status report with the Court within 10 days of the mediation, either notifying the Court of a settlement, or notifying the Court that the case did not settle, and the parties will propose new pretrial deadlines. Thus, the requested stay will last roughly 90 days. The short length of the requested stay favors the Parties' request.

**II.    Hardship or Inequity.**

There would be no hardship or inequity to the Parties associated with the requested stay. The opposite is true. Both parties desire to dedicate their time and resources on resolving this case at mediation, as opposed to litigating their respective claims and defenses. The current deadline for Plaintiffs to move for class certification is September 22, 2023 (ECF No. 56). If a short stay is not entered, the Parties will expend significant resources on further discovery and expert witnesses instead of focusing on an amicable resolution at mediation. Thus, the only potential hardship or inequity would spring from a denial of the requested short stay, which would divert resources away from resolution and towards litigation.

**III.   Injury.**

The Parties jointly request the short stay. Neither Party will be injured by the stay.

**IV.    Judicial Economy.**

This is a complex class action. The case has been pending for nearly two years. The case will likely continue for several more years if it does not settle at mediation. In that event the Court would be required to resolve a number of anticipated motions, including a motion

4

for class certification, motions for summary judgment, motions to exclude expert witness, and a myriad of evidentiary related motions. Of course, the Court would not be burdened by these motions if the case settles at mediation. Thus, judicial economy also favors the Parties' request for a short stay.

## CONCLUSION

The Parties respectfully request that the Court enter an Order staying these proceedings pending completion of a mediation.

Dated: June 27, 2023

Respectfully submitted,

By: /s/ Andrea Gold
**TYCKO & ZAVAREEI LLP**
Andrea Gold (Bar No. 18656)
Shana Khader*
2000 Pennsylvania Ave NW,
Suite 1010
Washington, DC 20006
Telephone: (202) 973-0900
agold@tzlegal.com
skhader@tzlegal.com

**EDELSON LECHTZIN LLP**
Eric Lechtzin*
Marc H. Edelson*
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
elechtzin@edelson-law.com
medelson@edelson-law.com

**MCKAY LAW, LLC**
Michael C. McKay*
5635 N. Scottsdale Road, Suite 117
Scottsdale, Arizona 85250
Telephone: 480-681-7000
mmckay@mckaylaw.us

*Counsel for Plaintiffs*

* *Admitted Pro Hac Vice*

By: /s/ Howard Shapiro
**JACKSON LEWIS P.C.**
Howard Shapiro*
Stacey C.S. Cerrone*
Robert W. Rachal*
601 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone: (504) 208-1755
Howard.Shapiro@jacksonlewis.com
Stacey.Cerrone@jacksonlewis.com
Robert.Rachal@jacksonlewis.com

Stephen M. Silvestri (Bar No. 01950)
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
Telephone: (410) 415-2006
Stephen.Silvestri@jacksonlewis.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this 27th day of June 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to all counsel of record.

                                      /s/  Andrea Gold